IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

K & S ASSOCIATES, INC.,

    Plaintiff,

v.                                        No. 11-cv-598-DRH-DGW

EDWARDSVILLE COMMUNITY
UNIT SCHOOL DISTRICT NO. 7,

    Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court are defendant Edwardsville Community Unit School District No. 7's motion to dismiss (Doc. 7)[1] and memorandum in support (Doc. 8) and plaintiff K&S Associates, Inc.'s motion to consolidate (Doc. 16). As the agreement forming the relevant relationship among the parties contains a valid forum selection clause, the Court **GRANTS** defendant's motion to dismiss. Accordingly, the Court renders plaintiff's motion to consolidate **MOOT**.

### I.    INTRODUCTION

The instant dispute arises from the parties' contractual relationship formed in September of 2007 (Doc. 2, p. 2). Plaintiff is a Missouri corporation with its principal place of business in Missouri. Defendant is a community unit school district located in Madison County, Illinois. Defendant awarded plaintiff a

---

[1] The Court notes defendant requests oral argument on its motion. As the Court finds oral argument unnecessary, defendant's request is denied.

publicly bid contract for the construction of two elementary schools (Doc. 2, p. 2). The $21,141,000.00 construction contract contains a forum selection clause included as an amendment. The forum selection clause states:

> DISPUTE RESOLUTION. All references to arbitration are hereby deemed deleted. If a controversy or claim involving Contractor and either or both of Owner and Architect is not settled by means of negotiation, then the controversy or claim shall be resolved in accordance with the Dispute Resolution subject to procedures of Article 7 of the agreement between Architect and Owner, which calls for non-binding mediation followed by proceedings in court if mediation is not successful in resolving the controversy or claim. **The parties agree that the forum for any judicial proceedings, if any, shall be the Madison County Circuit Court.** A copy of the above-referenced Article 7 is hereto [sic] as "Amendment to Contract No. 1.

(Doc. 9, p. 9) (emphasis added).

For purposes of clarity, the Court must relate the convoluted procedural history of the instant dispute and its connection to a related action currently pending before the Court. Generally, the parties dispute the adequacy of plaintiff's performance under the contract. Specifically, plaintiff alleges defendant owes it $357,601.00 under the terms of the contract (Doc. 2, p. 2). Thus, on July 13, 2011, plaintiff filed the instant breach of contract action based on diversity (Doc. 2). In response, defendant filed a related breach of contract action in the Third Judicial Circuit, Madison County, Illinois on August 3, 2011, pursuant to the forum selection clause. Plaintiff removed defendant's related action to this Court on September 2, 2011. *See Edwardsville Cmty. Unit School Dist. # 7 v. K & S Assoc., Inc.,* No. 11-cv-806-DRH-DGW. Accordingly, defendant filed a motion

to remand its action to Madison County based on the forum selection clause on October 3, 2011 (No. 11-cv-806, Doc. 11).[2]

Turning to the instant dispute, defendant filed a motion to dismiss based on reasoning identical to its motion to remand *Edwardsville Cmty. Unit School Dist. # 7 v. K & S Assoc., Inc.,* No. 11-cv-806, on August 26, 2011 (Doc. 7). Notably, plaintiff filed a motion to consolidate *Edwardsville Cmty. Unit School Dist. # 7 v. K & S Assoc., Inc.,* No. 11-cv-806, with the instant action on September 8, 2011, due to the similarity of issues and parties (Doc. 16).[3] As plaintiff responded to defendant's motion to dismiss on September 26, 2011, it is ripe for resolution (Doc. 21).

## II.  ARGUMENTS

Defendant argues the forum selection clause mandates Madison County as the proper forum for disputes arising under the contract. Defendant relies on the contractual language, as it states Madison County "shall" be the forum for "any" disputes arising from the contract (Doc. 8, p. 4) (citing *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 20 (1972)). Further, defendant argues the clause is valid and enforceable, as under Illinois law, "a forum selection clause is enforceable except in exceptional circumstances" (Doc. 8, p. 4) (citing *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996)).

---

[2] The Court note it is remanding *Edwardsville Cmty. Unit School Dist. # 7 v. K & S Assoc., Inc.* No. 11-cv- 806, based on reasoning identical to the instant Order.
[3] The Court notes plaintiff's motion states it seeks to consolidate 11-cv-598 with 11-cv-598 (Doc. 16, p. 2). The Court presumes this a typographical mistake and construes the motion as seeking consolidation of 11-cv-598 with 11-cv-806.

Defendant points to numerous factors in support of its contention that exceptional circumstances do not exist warranting non-enforcement of the clause. As plaintiff is a corporation that negotiates contracts in the regular course of its business, defendant cites to the parties' relative bargaining power. Further, defendant argues plaintiff foresaw enforcement of the clause at the time of the $21,141,000.00 contract's acceptance. Moreover, defendant argues Madison County is a court of competent jurisdiction physically located less than twenty miles from this Court. Accordingly, defendant argues enforcement of the clause will not deprive plaintiff of its day in court. Therefore, defendant seeks dismissal for improper venue pursuant to FED. R. CIV. PRO. 12(b)(3) (Doc. 8, pp. 4-6).

In response, plaintiff generally argues the Court should not enforce the forum selection clause, as it resulted from the unequal bargaining power of the parties (Doc. 21). Defendant awarded plaintiff the relevant contract through a public bidding process. Specifically, plaintiff argues the Illinois School Code forbid it from negotiating the terms of the contract.

Plaintiff relies on 105 ILL. COMP. STAT. 5/10-20.21 (2010), which requires school boards "[t]o award all contracts for purchases of supplies, materials or work . . . involving an expenditure in excess of $25,000 or a lower amount as required by board policy to the lowest responsible bidder, considering conformity with specifications, terms of delivery, quality and serviceability, after due advertisement" (Doc. 21, p. 2). Moreover, 105 ILL. COMP. STAT. 5/10-20.21 also states, "[a]ll competitive bids for contracts involving an expenditure in excess of

$25,000 or a lower amount as required by board policy must be sealed by the bidder and be opened by a member or employee of the school board at a public bid opening at which the contents of the bids must be announced." Plaintiff cites to this statute in support of its contention that negotiation of the terms of the bid would have made the contract's award to plaintiff "illegal" (Doc. 21, p. 2).

Further, plaintiff argues the "bid package" submitted to all bidders included a document labeled "Instructions to Bidders," which stated, "the general contract will be awarded to the lowest responsible and eligible general bidder complying with the conditions and requirements provided in these instructions, the bid forms and other bid documents" (Doc. 21, p. 2). Accordingly, citing to Illinois case law holding, "bids must conform to the advertised requirements of the invitation to bid," plaintiff argues negotiation of the contract's terms was legally impossible (Doc. 21, p. 3) (citing *Leo Michuda & Son Co. v. Metro. Sanitary Dist. of Greater Chicago*, 422 N.E.2d 1078, 1082 (Ill. App. Ct. 1981)).

Thus, plaintiff argues due to the terms of the "bid package" and pursuant to Illinois law, it was "not legally permitted to negotiate the terms of the draft construction contract, including the venue selection clause, that was contained in the Bid Package" (Doc. 21, p. 3). Therefore, in reliance on Florida and Idaho case law, plaintiff argues the Court should not enforce the forum selection clause as it "was the product of overwhelming bargaining power which completely deprived [it] of the right to bargain or negotiate" (Doc. 21, pp. 6-9) (citing *Manrique v. Fabbri*, 493 So.2d 437 (Fla. 1986); *Maritime Ltd. P'ship v. Greenman Adver.*

*Assoc., Inc.,* 455 So.2d 1121 (Fla. Dist. Ct. App. 1984); *Cerami-Kote, Inc. v. Energywave Corp.*, 773 P.2d 1143 (Idaho 1989)).

### III. LAW AND APPLICATION

#### I. Defendant's Motion to Dismiss is Granted

##### a. Legal Standard

Pursuant to FED. R. CIV. PRO. 12(b)(3), a party may assert the defense of improper venue by motion. Further, the Seventh Circuit routinely affirms dismissals under Rule 12(b)(3) due to a forum selection clause. Notably, these decisions most often rely on clauses designating a state court forum, an arbitral forum, or a foreign forum. *See Kochert v. Agaden Med. Int'l, Inc.,* 491 F.3d 674, 676 (7th Cir. 2007) (clause designates, "the State Court of Fulton County, Georgia"); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.,* 417 F.3d 727, 733 (7th Cir. 2005) (clause designates arbitral forum); *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.,* 364 F.3d 884, 886 (7th Cir. 2004) (clause designates Bermuda). As the clause at issue designates a state court forum, defendant's motion to dismiss pursuant to Rule 12(b)(3) is appropriate.

##### b. Governing Law

Under the relevant contract, the parties agreed that Illinois law would govern its terms (*See* 11-cv-806, Doc. 11-4, p. 2, § 13.1.1).[4] However, defendant cites both federal common law and Illinois law for its contention the Court should

---

[4] The contract states it "shall be governed by the law of the place where the Project is located." The Project was indisputably located in Illinois. Further, although plaintiff cites to Florida and Idaho case law, it cites to Illinois statutes as forming the basis of its contention that negotiation of the contract's terms was legally foreclosed to it. Thus, the Court finds the parties do not dispute the validity of the choice-of-law clause.

find the forum selection clause valid and enforceable. Interestingly, plaintiff relies on Florida and Idaho law for its contention the Court should not uphold the validity of the forum selection clause, as the laws of Illinois made it "illegal" for plaintiff to both negotiate the terms of the contract and receive its award.

The Seventh Circuit previously reserved judgment as to whether federal common law or state law applies to the validity of a forum selection clause when, as here, there is no transfer order under 28 U.S.C. § 1404(a) at issue. *See IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 612 (7th Cir. 2006). However, subsequent developments clarify that "the validity of a forum-selection clause depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union,* 512 F.3d 989, 991 (7th Cir. 2008) (citing *Abbott Labs. v. Takeda Pharm. Co.,* 476 F.3d 421 (7th Cir. 2007)); *see also E & J Gallo Winery v. Andina Licores S.A.,* 446 F.3d 984, 994 (9th Cir. 2006) (stating, "[t]he contract clearly contains a California choice-of-law clause; thus, the validity of the forum selection clause should be decided by California law, as the law of the contract"). Thus, pursuant to the contract's choice-of-law clause, the Court relies on Illinois law to determine the forum selection clause's validity.

Notably, the Seventh Circuit has relevantly acknowledged that, "[a]t the black-letter level, Illinois law concerning the validity of forum selection clauses is materially the same as federal law." *Aliano Bros.,* 437 F.3d at 612 (citing *Calanca v. D & S Mfg. Co.,* 510 N.E.2d 21, 23 (Ill. App. Ct. 1987)). For example,

Illinois law mirrors the federal common law approach of *Bremen*, as it holds "[a] forum selection clause is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Calanca*, 510 N.E.2d at 23 (citing *Bremen*, 407 U.S. at 10). The only relevant discrepancy results from "a significant inequality of size or commercial sophistication between the parties, especially if the transaction is so small that the unsophisticated party might not be expected to be careful about reading boilerplate provisions that would come into play only in the event of a lawsuit, normally a remote possibility." *Aliano Bros.*, 437 F.3d at 612 (citing *Mellon First United Leasing v. Hansen*, 705 N.E.2d 121, 125-26 (Ill. App. Ct. 1998)). In this instance, Illinois law is more lenient toward the less sophisticated party seeking non-enforcement of the clause. *Id.* Thus, although the Court has determined Illinois law governs the outcome of the instant dispute, assuming the parties are of similar commercial sophistication, application of either federal common law or Illinois law would lead to corresponding results.

### a. Forum Selection Clause Valid Under Illinois Law

Before commenting on its enforceability, the Court must determine whether the forum selection clause is mandatory or permissive. The clause states, "[t]he parties agree that the forum for any judicial proceedings, if any, shall be the Madison County Circuit Court" (Doc. 9, p. 9). Plainly, this covers a wide range of disputes, namely, all of the disputes arising from the contract. Moreover, the word "shall" dictates that Madison County is the only appropriate dispute forum.

Thus, the clause is mandatory. *See Calanca*, 510 N.E.2d at 22-23 (stating, the word "shall" indicates the mandatory nature of a forum selection clause).

As the Court has determined the clause is mandatory, it now turns to whether it is in enforceable based on plaintiff's allegations to the contrary. Illinois law holds "a forum selection clause is enforceable except in exceptional circumstances." *Roberts*, 99 F.3d at 252 (citing *Calanca*, 510 N.E.2d at 23). Therefore, the party opposing enforcement of the clause must demonstrate that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Compass Envtl., Inc. v. Polu Kai Servs., L.L.C.*, 882 N.E.2d 1149, 1156 (Ill. App. Ct. 2008) (citing *Calanca*, 510 N.E.2d at 23). Determination of the clause's reasonableness requires consideration of,

> (1) the law that governs the formation and construction of the contract, (2) the residency of the parties, (3) the place of execution and/or performance of the contract, (4) the location of the parties and their witnesses, (5) the convenience to the parties of any particular location, and (6) whether the clause was equally bargained for.

*Id.* (citing *Yamada Corp. v. Yasuda Fire & Marine Ins. Co. Ltd.*, 712 N.E.2d 926, 931 (Ill. App. Ct. 2008)).

Application of the relevant factors to the instant dispute clearly demonstrates the clause is valid and enforceable. The first factor favors defendant, as the contract holds Illinois law governs its terms. The second factor weighs slightly in favor of plaintiff, as plaintiff is a resident of Missouri, while defendant is a resident of Illinois. As the contract's performance took place

entirely in Madison County, the third factor weighs heavily in favor of defendant. The fourth factor similarly favors defendant, as the mandated forum is located less than twenty miles from the location of the instant dispute. Given the similar locations of the instant forum and the mandated forum, the fifth factor also favors defendant.

The sixth factor, whether the clause was equally bargained for, represents the crux of plaintiff's argument. Plaintiff argues the cited Illinois statutes forbid it from negotiating the forum selection clause. However, under Illinois law, "the fact that [plaintiff] did not object to or attempt to negotiate the clause is no reason to invalidate it." *Id.* (quoting *IFC Credit Corp. v. Rieker Shoe Corp.*, 881 N.E.2d 382, 391 (Ill. App. Ct. 2007)). Illinois courts consistently uphold forum selection agreements between experienced business people. *See id.* at 1157 (citing *Rieker*, 881 N.E.2d at 393; *Aon Corp. v. Utley*, 863 N.E.2d 701, 707 (Ill. App. Ct. 2006); *Dace Int'l, Inc. v. Apple Computer, Inc.*, 655 N.E.2d 974, 978 (Ill. App. Ct. 1995); *Calanca*, 510 N.E.2d at 23-24).

As previously discussed, there is only one relevant distinction between federal common law and Illinois law concerning enforcement of forum selection clauses. Illinois courts are slightly more favorable toward parties of significantly less commercial sophistication, especially when the relevant agreement encompasses a small transaction in the marketplace. *See Mellon*, 705 N.E.2d at 125-26. In *Mellon*, the plaintiff, a California resident, did not sign the relevant leasing agreement at the defendant's California office until after the terms were

set. Moreover, the defendant made no mention of the Illinois forum selection clause, located on the back of a preprinted form in small typeface, and did not give the copy of the lease until years later.

In refusing to enforce the clause, the Illinois appellate court noted, "it [did] not appear that the clause was reached through arm's-length negotiation between experienced businesspersons of the same stature." *Id.* at 125. The court found the plaintiff akin to an ordinary consumer involved in a small transaction, as opposed to a sophisticated businessperson of similar stature to the leasing company. *Id.* Further, the dealings between the parties did not alert the plaintiff to the possibility of litigation in Illinois. *Id.* Accordingly, the court declined enforcement of the clause holding otherwise would prove unfair and unreasonable. *Id.* at 126.

The facts of the instant dispute are distinguishable from *Mellon*. Plaintiff is an experienced business entity of similar stature to defendant. Moreover, the agreement contemplated a sum of over $21,000,000.00., not the type of small marketplace transaction referred to in *Mellon.* Importantly, plaintiff had every reason to foresee litigation in Madison County, where the parties centered the entirety of their performance. Plaintiff argues its inability to negotiate the general terms of the contract require the court to render the specific forum selection clause unenforceable. However, Illinois courts focus on the relative sophistication of the parties, not whether the parties specifically bargained for the forum selection clause. Plaintiff is indisputably an experienced business entity that

freely entered into an agreement worth over $21,000,000.00. Accordingly, based on plaintiff's sophistication and the clause's fundamental reasonableness, its enforcement is not unfair or unreasonable.

Plaintiff relies on case law of Florida and Idaho in contending that the Court should disregard the mandatory forum selection clause. Notwithstanding the Court's determination that Illinois law controls the instant dispute, the cases plaintiff cites are unpersuasive to its position. In *Manrique*, the Supreme Court of Florida upheld the enforcement of a forum selection clause mandating the Netherlands as the proper forum for all disputes arising under the contract. *See Manrique*, 493 So.2d at 440. Plaintiff points to certain passages of *Manrique* that discuss "freely negotiated private agreement[s]" and the need to "refus[e] to enforce those forum selection provisions which are unreasonable or result from unequal bargaining power." *Id*. Plaintiff interprets this language as requiring the Court to disregard terms not actively negotiated. However, *Manrique* makes clear it is adopting the views of the Supreme Court in *Bremen*, holding enforcement of forum selection clauses warranted unless the opposing party "can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 439.

Further, plaintiff cites to *Maritime* which also upheld a forum selection clause. *See Maritime,* 455 So.2d at 1123. The *Maritime* Court, through its interpretation of *Bremen*, determined three factors required consideration: 1. whether the chosen forum resulted from overreaching, 2. whether enforcement

would contravene a strong public policy enunciated by statute, and 3. whether the purpose was to transfer an essentially local dispute to a remote and alien forum in order to inconvenience one party. *Id*. Ultimately, the court in *Maritime* held these factors warranted the clause's enforcement, as the parties were both professional entities, the clause did not implicate a statement of public policy, and the forum was not remote as one party was located in Florida, the contractually selected forum, and one in South Carolina. *Id.*

Plaintiff cites to the first factor, overreaching, as requiring this Court to decline enforcement of the forum selection clause. However, plaintiff cites no cases declining enforcement of a forum selection clause based on this reasoning. In fact, the only case plaintiff cites declining enforcement of a forum selection clause is *Cerami-Kote. See Cerami-Kote*, 773 P.2d at 1147. The *Cerami* Court declined enforcement of a forum selection clause due to an Idaho statute holding forum selection clauses invalid if the chosen venue does not bear a substantial relationship to the parties or transaction. *Id.* at 1146.

Application of the holdings of these cases bolsters the Court's determination that the forum selection clause at issue is reasonable. The holding of *Manrique* mirrors the views of the Illinois courts; namely, the test for enforcement of forum selection clauses is one of fundamental reasonableness. Moreover, the facts at issue are comparable to those of *Maritime*, as the parties are professional entities, the clause does not implicate a statement of public policy, and the contractually chosen forum is clearly convenient. Further, the

holding of *Cerami-Kote* is inapplicable as a similar Illinois statute is not before the Court. To that end, assuming a similar Illinois statute was at issue, it would not render the clause unenforceable, as the selected forum bears a substantial relationship to the parties. Accordingly, plaintiff cites only to non-binding and unpersuasive case law.

In sum, the forum selection clause is reasonable and enforceable under Illinois law. Plaintiff has not carried its burden of demonstrating the clause is so unreasonable as to practically deprive it of its day in court. As defendant argues, plaintiff is a corporation that negotiates large and lucrative contracts in the regular course of its business. As such, it is of similar commercial sophistication to defendant. Moreover, as federal common law is arguably more inclined to uphold forum selection clauses than Illinois law, the Court would similarly uphold the forum selection clause under federal common law.

As previously stressed, plaintiff's performance took place entirely in Madison County. Plaintiff cannot argue Madison County is an inconvenient forum. Pertaining to plaintiff's argument that negotiation was effectively "illegal," Illinois courts have established the fact that the parties did not specifically negotiate a forum selection clause is not reason enough to render it unenforceable. Plaintiff has not cited to "exceptional circumstances" warranting non-enforcement of the clause. Accordingly, the Court finds the forum selection clause reasonable and enforceable. Thus, dismissal pursuant to Rule 12(b)(3) is proper.

## II. Plaintiff's Motion to Consolidate is Moot

As the Court grants defendant's motion to dismiss pursuant to Rule 12(b)(3), the Court holds plaintiff's motion to consolidate moot.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss **without prejudice** (Doc. 7). Accordingly, plaintiff's motion to consolidate is rendered moot (Doc. 16).

**IT IS SO ORDERED.**

Signed this 10th day of January, 2012.

David R. Herndon
2012.01.10
11:20:37 -06'00'

**Chief Judge
United States District Court**